CHICAGO—FIRST DISTRICT—FEBRUARY, 1914.    119

First Nat'l Bank v. John A. Bryant Piano Co., 185 Ill. App. 119.

First National Bank of Champaign, Illinois, Defendant in Error, v. John A. Bryant Piano Company, Plaintiff in Error.

Gen. No. 18,639.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed February 2, 1914.

## Statement of the Case.

Action by First National Bank of Champaign, Illinois, against John A. Bryant Piano Company on a promissory note, executed by the defendant. The note was made payable to the Johnson Player Piano Company and was indorsed by it and transferred to the plaintiff. The defendant filed an affidavit of defense claiming it suffered damages in a transaction between it and a concern, other than the payee, which had indorsed the note. The affidavit was stricken from the files and judgment entered against defendant by default. To reverse the judgment, defendant brings error.

KRUSE & PEDEN, for plaintiff in error.

PHILIP CLARKSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 9*—*when claim for damages in affidavit of merits not proper subject of set-off*. In an action on a promissory note by the holder thereof against the maker, the defendant filed an affidavit of merits seeking to set up a claim for damages suffered by defendant in a transaction between him and

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

a party, other than the payee, who indorsed the note, such transaction occurring after the execution of the note. *Held*, that striking the affidavit from the files and entering judgment in favor of plaintiff as in case of default was not error; that the claim set forth in the affidavit was for unliquidated damages, not only arising out of a different transaction but apparently a transaction between other parties; and that plaintiff was entitled to a judgment as in case of default under section 55 of the Practice Act, J. & A. ¶ 8592.

2. Costs, § 67*—*damages for prosecuting writ of error for delay*. Fifteen dollars awarded to plaintiff as statutory damages on ground that writ of error was prosecuted for delay.

---

## Francesca Karczewska, Defendant in Error, v. Joseph Chmielewski, Plaintiff in Error.

### Gen. No. 18,649.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Arnold Heap, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed February 2, 1914.

### Statement of the Case.

Suit by Francesca Karczewska against Joseph Chmielewski for breach of promise to marry. From a judgment in favor of plaintiff for one hundred and fifty dollars, defendant brings error.

Smietanka, Johnson, Molthrop & Polkey, for plaintiff in error.

L. W. Carpenter, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.